IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROMERO, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-0891-JAM-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendants' Motion to Revoke Plaintiff's In Forma Pauperis (IFP) Status, ECF No. 37. Defendants argue that dismissal of Plaintiff's prior complaints each count as a "strike" under the Prison Litigation Reform Act (PLRA).

The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

When in forma pauperis status is denied, revoked, or otherwise unavailable under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon pre-payment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

2

In support of their motion to revoke Plaintiff's IFP status, Defendants point to three other federal court cases as prior "strikes" under the PLRA.  See ECF No. 37-3 (request for judicial notice).¹  The first is Barth v. Beard, No. 2:16-cv-01469-DMG-RAO (Barth I).  Barth I was dismissed for failure to state a claim.  See Barth v. Beard, 2018 U.S. Dist. LEXIS 221775 *24 (C.D. Cal. 2018) (adopted in full by Barth v. Beard, 2019 U.S. Dist. LEXIS 30524 (C.D. Cal. 2019)).  Second is Barth v. Kernan, No. 2:18-cv-04763-DMG-RAO (Barth II).  Barth II was also dismissed for failure to state a claim.  See Barth v. Kernan, 2018 U.S. Dist. LEXIS 154084 *3 (C.D. Cal. 2018).  The third case upon which Defendants rely is Barth v. Doe, No. 19-cv-00965-WHO (Barth III).  This last case was dismissed for failure to comply with an order to submit a complaint, and failure to prosecute.  See Barth v. Doe, 2019 U.S. Dist. LEXIS 60519 (N.D. Cal. 2019).

Plaintiff has also filed numerous other complaints since this action was filed.  See ECF No. 37-1, 4 n.2.  While dismissal of subsequent complaints may mean that Plaintiff is not entitled to IFP status in the future, dismissals in these cases came after Plaintiff's complaint in this action.  Therefore, they are immaterial to this Motion because only actions dismissed on "prior occasions" are counted as strikes.  42 U.S.C. § 1915(g).  The Court focuses its analysis on the three cases cited by Defendants which were filed and dismissed prior to Plaintiff filing the instant action.

The first two cases cited by Defendants constitute strikes.  Both Barth I and Barth II were dismissed for failure to state a claim.  See Kernan, 2018 U.S. Dist. LEXIS 154084 at *3; Beard, 2018 U.S. Dist. LEXIS 221775 at *24.  Failure to state a claim is an enumerated ground for a 'strike' under 42 U.S.C. § 1915(g) and Plaintiff has not offered any reason why these should not be considered strikes.  See ECF No. 43 (Plaintiff's opposition).  In fact, these two cases have

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).
   The documents submitted to the court in Defendants' exhibits are comprised of federal court records.  See ECF No. 37-3, 2.  Because the Court may take notice of federal court records, this Court may take notice of the documents submitted by Defendants.

1  also been considered as strikes in other cases filed by Plaintiff after the instant action was filed.
2  See Barth v. C.S.R. Doe-1, 2021 U.S. Dist. LEXIS 208564 (N.D. Cal. 2021).

3  However, the dismissal of Plaintiff's claim in Barth III, U.S. Dist. LEXIS 60159
4  (N.D. Cal. 2019), is not a strike. Section 1915(g) "should be used to deny a prisoner's IFP status
5  only when, after careful evaluation of the order dismissing an action, and other relevant
6  information, the district court determines that the action was dismissed because it was frivolous,
7  malicious or failed to state a claim." Andrews, 398 F.3d at 1121. Here, Plaintiff submitted a
8  complaint with documents to the court. See 3:19-cv-00965-WHO, ECF No. 1. The court issued
9  an order to resubmit the complaint on a standard form. See 3:19-cv-00965-WHO, ECF No. 2.
10 Plaintiff did not do so, and the complaint was dismissed for failure to prosecute. See Doe, 2019
11 U.S. Dist. LEXIS 60519. The order dismissing the action makes no mention of whether the
12 complaint was sufficient to state a claim. See id. While the court could have reached the
13 conclusion that Plaintiff failed to state a claim if it had evaluated the allegations, it did not. There
14 is no evidence that the court took the substance of Plaintiff's complaint into account in dismissing
15 for failure to prosecute.

16 Failure to prosecute is not an enumerated strike under the PLRA. See 28 U.S.C. §
17 1915(g). Given that the court in Barth III did not evaluate the complaint for sufficiency, the
18 dismissal also does not ring "'the PLRA bells of frivolous[ness], malicious[ness], or failure to
19 state a claim.'" El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting Blakely v.
20 Wards, 738 F.3d 607, 615 (4th Cir. 2013). Barth III does not constitute a prior strike.

21 Because Defendants have not identified three prior strikes, the Court finds that
22 they have not met their burden of establishing the basis for revocation of Plaintiff's in forma
23 pauperis status for this case. The Court thus does not consider whether the instant complaint
24 alleges imminent danger.
25 / / /
26 / / /
27 / / /
28 / / /

4

1  Based on the foregoing, the undersigned recommends that Defendants' motion to
2  revoke Plaintiff's IFP status, ECF No. 37, be denied.

3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
5  after being served with these findings and recommendations, any party may file written objections
6  with the Court. Responses to objections shall be filed within 14 days after service of objections.
7  Failure to file objections within the specified time may waive the right to appeal. See Martinez v.
8  Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated: June 29, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE