UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>    Plaintiff,<br><br>    v.<br><br>ROMERO, et al.,<br><br>    Defendants. | No. 2:19-cv-00891-DAD-DMC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>(Doc. Nos. 37, 46) |

Plaintiff Shawn Damon Barth is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 29, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendant S. Mey's motion seeking an order revoking plaintiff's *in forma pauperis* status (Doc. No. 37) be denied. (Doc. No. 46.) In particular, the magistrate judge rejected defendant S. Mey's argument that plaintiff is subject to the three strikes bar under 28 U.S.C. § 1915(g) because one of the three dismissals that defendant S. Mey relied upon in her motion does not count as a "strike" under that provision. (*Id.* at 4.) Those pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) Defendant S. Mey filed

objections to the findings and recommendations on July 12, 2022. (Doc. No. 47).[1] Plaintiff did not file any objections of his own nor a response to defendant S. Mey's objections.

In their objections, defendant S. Mey argues that the district court's dismissal order in *Barth v. Doe*, No. 19-cv-00965, N.D. Cal. Apr. 8, 2019) qualifies as a strike because "[a] careful review of the substance of Plaintiff's complaint in the *Doe* case clearly demonstrates that action 'rang the PLRA bells' of frivolity and failure to state a claim." (Doc. No. 47 at 2.) However, as the magistrate judge correctly noted in the pending findings and recommendations, the district court dismissed the action in *Doe* due to plaintiff's failure to prosecute that action. (Doc. No. 46 at 4.) Notably, the district court's order in *Doe* explicitly states that "the action is dismissed without prejudice for failing to comply with the Court's order and for failing to prosecute, *see* Federal Rule of Civil Procedure 41(b)." (*Doe*, Doc. No. 6.) The undersigned is not persuaded by defendant S. Mey's argument that this court should ignore the words used in the *Doe* dismissal order and instead conduct its own review of the underlying complaint in *Doe*, which defendant contends "amply demonstrates" that it is frivolous and was dismissed on that basis. Accordingly, the magistrate judge correctly concluded that the dismissal order in *Doe* does not count as a strike.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including defendant's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on June 29, 2022 (Doc. No. 46) are adopted in full;

2. Defendant S. Mey's motion to revoke plaintiff's in forma pauperis status (Doc. No. 37) is denied; and

/////

---

[1] This case was reassigned to the undersigned district judge on August 25, 2022. (Doc. No. 49.)

3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **November 9, 2022**

*[signature: Dale A. Drozd]*
UNITED STATES DISTRICT JUDGE