IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br><br>            Plaintiff,<br><br>    v.<br><br>S. MEY,<br><br>            Defendant. | No.  2:19-CV-0891-DJC-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Defendant's motion for summary judgment, ECF No. 65.  Plaintiff filed an opposition to Defendant's motion for summary judgment, ECF No. 69.  Defendant filed a reply to Plaintiff's opposition, ECF No. 70.

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The standard for summary judgment and summary adjudication is the same.  See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.

/ / /

1

1  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Under summary judgment practice, the
2  moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).  To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

/ / /

/ / /

/ / /

2

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."  Anderson, 477 U.S. at 251.

## I. PLAINTIFF'S ALLEGATIONS

After the screening phase, Plaintiff's only remaining claim is against Defendant Mey for an Eighth Amendment medical care claim based on the denial of a breathing treatment, as alleged in the second amended complaint.  ECF No. 36.

Plaintiff claims to suffer from asthma, C.O.P.D., rheumatoid arthritis, degenerative disk disease, and food allergies.  See ECF No. 19, pgs. 4-5.  Plaintiff also has a metal rod in his right leg extending from the knee to the ankle.  See id. at 5.  Plaintiff was moved to Mule Creek State Prison (MCSP) in September 2018.  Id. at 12.  Plaintiff's only valid claim stems from the allegation that on October 11, 2018, Defendant "denied Plaintiff a breathing treatment while Plaintiff was having an asthma attack."  Id. at 13.

/ / /
/ / /
/ / /
/ / /
/ / /

## II. THE PARTIES' EVIDENCE

Defendant's motion for summary judgment is supported by points and authorities, ECF No. 65-2, a separate statement of undisputed facts, ECF No. 65-3, the declaration of defense counsel Anne M. Kammer, Esq., with attached Exhibits 1 through 3, ECF No. 65-4, and the declaration of D. Santos, a Correctional Counselor at MCSP, with attached Exhibits A through C, ECF No. 65-5. Defendant attaches exhibits to both declarations, including a transcript of Plaintiff's deposition, ECF No. 65-4 at 3-147.

Concerning Plaintiff's medical condition, Defendant asserts that the following facts are not in dispute:

>    1.   Plaintiff Shawn Damon Barth is a California inmate and, at all times relevant to this action, was housed in Facility B, Building 9, at Mule Creek State Prison (MCSP). Plaintiff's Verified Amended Complaint (Doc. No. 19) at 1; Kammer Decl., Ex. 1 (Plaintiff's Deposition Transcript (Pl. Depo.)) at pg. 17, ll. 21-25.
>
>    2.   Barth suffers from several medical conditions, including chronic obstructive pulmonary disorder (COPD) and emphysema. Pl. Depo. at pg. 21, ll. 1-7; Kammer Decl., Ex. 2 (Plaintiff's Medical Records (Pl. MR) at AGMSJ_0001 to AGMSJ_0002.
>
>    3.   At all relevant times to this action, Barth was prescribed medications to treat COPD and emphysema. Pl. MR at AGMSJ_0003 to AGMSJ_0008.
>
>    4.   Barth was also prescribed rescue inhalers, including Xopenex and Atrovent, to be kept on his person and used as needed for immediate relief from shortness of breath or wheezing. Pl. MR at AGMSJ_0004, AGMSJ_0008; Pl. Depo. at pg. 23, ll. 20-23, pg. 24, ll. 5-7.
>
> ECF No. 65-3, pg. 2.

Next, as to shortness of breach and treatment Plaintiff received in October 2018, Defendant asserts the following facts are undisputed:

>    5.   On October 6, 2018, a licensed vocational nurse (LVN) responded at 1839 hours to Barth's request for emergent medical attention. Pl. MR at AGMSJ_0009.
>
>    6.   Barth complained to the LVN of shortness of breath. Pl. MR at AGMSJ_0009.

///

> 7. The LVN measured Barth's vital statistics, notified the Treatment and Triage Area (TTA), and Barth was transported via wheelchair to the TTA for further examination. Pl. MR at AGMSJ_0009 to AGMSJ-0010.
>
> 8. Barth was examined in the TTA by a registered nurse (RN), who administered a dose of DuoNeb to Barth to alleviate his shortness of breath. Pl. MR at AGMSJ_0013.
>
> 9. The RN also consulted with the on-call physician, Dr. Ashe, and reported that Barth's shortness of breath had resolved after the DuoNeb treatment. Pl. MR at AGMSJ_0011.
>
> 10. Dr. Ashe prescribed a 5-day course of DuoNeb treatments for Barth, to be taken four times a day as needed. Pl. MR at AGMSJ_0011 to AGMSJ_0012.
>
> 11. Barth received additional DuoNeb treatments on October 8, 2018, at 0830 hours and 2020 hours. Pl. MR at AGMSJ_0014 to AGMSJ_0015.
>
> 12. Barth had a follow-up appointment with Dr. Ashe on October 10, 2018. Pl. MR at AGMSJ_0016.
>
> 13. Dr. Ashe noted Barth had received DuoNeb treatments that had resolved his shortness of breath. Pl. MR at AGMSJ_0016.
>
> 14. Dr. Ashe also noted that Barth reported using his Xopenex rescue inhaler. Pl. MR at AGMSJ_0016.
>
> 15. There is no institutional or medical record of Barth requesting medical attention for an urgent or emergent health care need on Thursday, October 11, 2018. Santos Decl. ¶ 6; Kammer Decl. ¶ 4.

ECF No. 65-3, pgs. 2-3.

Finally, Defendant offers that the following facts are undisputed regarding Defendant Mey's work schedule in October 2018:

> 16. Officer Mey was employed by CDCR at MCSP as a correctional officer at all times relevant to this action. Doc. No. 19 at 6; Santos Decl. ¶ 3, Ex. A.
>
> 17. In October 2018, Officer Mey's assigned post was Building 9, located in Facility B, Floor 2, Third Watch (1400 hours to 2200 hours), and his regular days off were Wednesdays and Thursdays. Santos Decl. ¶ 4, Ex. B; Ex. A.
>
> 18. Officer Mey did not work on October 11, 2018, as it was one of his regular days off. Santos Decl. ¶ 4, Ex. B; ¶ 5, Ex. C.

///

///

        19.    Officer Mey did work on October 8, 2018, and on that date, he issued a Rules Violation Report to Barth for disobeying an order to report directly to the medical clinic for his breathing treatment. Kammer Decl. ¶ 5, Ex. 3; Santos Decl., Ex. B.

        20.    Officer Mey did not prevent Barth from receiving breathing treatments on any date, at any time. Pl. MR at AGMSJ_0014 to AGMSJ_0015.

ECF No. 65-3, pg. 4.

In opposition, Plaintiff submits a brief, ECF No. 69, as well as his own declaration, ECF No. 69-1. Plaintiff does not submit a separate statement of disputed facts, nor does he directly respond to the list of purported undisputed facts submitted by Defendant. Attached to Plaintiff's declaration are two documents. The first is a CDCR Form 602 inmate grievance dated October 11, 2018. See ECF No. 69-1, p. 2. In this grievance, Plaintiff claims that Defendant Mey and other correctional officers denied him breathing treatment on October 11, 2018. See id. The second document is a CDCR assessment form documenting Plaintiff's vital signs as noted at a clinic visit on October 6, 2018. See id. at 3.

### III. DISCUSSION

In his motion for summary judgment, Defendant argues Plaintiff cannot establish deliberate indifference as to his Eighth Amendment medical claim. See ECF No. 65-2, pgs. 5-9. According to Defendant, he is entitled to summary judgment because the undisputed evidence shows that he did not work on October 11, 2018—the date of the incident—and could therefore not have interfered with Plaintiff's receipt of medical treatment.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with

"food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See

1 Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

2 that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

3        Negligence in diagnosing or treating a medical condition does not, however, give

4 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

5 difference of opinion between the prisoner and medical providers concerning the appropriate

6 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

7 90 F.3d 330, 332 (9th Cir. 1996).

8        Additionally, to prevail on a claim under 42 U.S.C. § 1983, the plaintiff must

9 establish an actual connection or link between the actions of the named defendants and the

10 alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode,

11 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right,

12 within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative

13 acts, or omits to perform an act which he is legally required to do that causes the deprivation of

14 which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15        Defendant argues:

> . . . The undisputed evidence demonstrates Officer Mey did not work on Thursday, October 11, 2018, as it was one of his regular days off. (DUF No. 18.) Consequently, Barth will be unable to prove Officer Mey's personal involvement in the purported deprivation of a breathing treatment on that date. See Green v. Thompson, No. C 10-5721 WHA PR, 2013 WL 550621, 2013 U.S. Dist. LEXIS 18854, at *4-5 (N.D. Cal. Feb. 12, 2013) ("The accuracy of the time sheets showing [defendant]'s absence on June 9, consistent with his regular work schedule, is not called into question by any evidence submitted by plaintiff or otherwise in the record. As a result, a fact-finder would not have any reasonable basis to find them, as opposed to Plaintiff's memory, inaccurate."); Smith v. Hernandez, No. 1:16-cv-01267-DAD-SAB (PC), 2018 U.S. Dist. LEXIS 216950, at *5 (E.D. Cal. Dec. 26, 2018) (granting summary judgment because "[t]he undisputed facts shown that Defendant Zuniga in fact did not work at CCI on March 1, 2016. It was his regular day off.").

24 ECF No. 65-2, pgs. 6-7.

25        Defendant's argument is persuasive.  It is undisputed that Defendant's work

26 schedule shows that he was not scheduled to work on October 11, 2018.  Additionally, the sign-in

27 sheet for October 11, 2018, does not include Defendant Mey's signatures, indicating he did not

28 work on that day.  Defendant has met his initial burden of showing there is no genuine dispute of

material fact as to whether he worked on October 11, 2018, and that, because he was not working that day, he is entitled to summary judgment in his favor. See Green, 2013 WL 550621 at *4-5; Smith, 2018 U.S. Dist. LEXIS 216950 at *5.

In his opposition to the motion for summary judgment, Plaintiff disputes the allegation that Defendant Mey did not work on October 11, 2018, "or closely around this date which medical records can ascertain." ECF No. 65 at 8. Plaintiff speculates that "[i]t is possible that Plaintiff asserted the wrong date of Oct. 11, 2018, instead of October 6, 2018" in his complaint, and therefore there is a genuine dispute of material fact as to which date Defendant was working. Id. at 10.

The Court finds that Plaintiff's opposition and supporting declaration with documents attached fail to indicate the existence of a genuine dispute of material fact, either as to whether Officer Mey worked on October 11, 2018, or whether Plaintiff received adequate medical treatment on October 6, 2018. Plaintiff may not amend his complaint now to avoid summary judgment. See M/V Am. Queen v. San Diego Marine Const. Corp., 708 F.2d 1483, 1492 (9th Cir. 1983); see also Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 958, 969 (9th Cir. 2006) (refusing to consider new allegations raised for the first time in opposition to motion for summary judgment).

Even if the Court were to construe Plaintiff's opposition as a motion for leave to amend and consider the second amended complaint amended to allege that Defendant Mey worked on October 6, 2018, instead of October 11, 2018, Plaintiff still fails to raise a genuine dispute of material fact. The undisputed facts show Plaintiff was seen in the medical clinic on October 6, 2018, incident to Plaintiff's request for emergent medical attention. At this visit, Plaintiff complained to the nurse of shortness of breath. Plaintiff's vitals were measured and Plaintiff was transported by wheelchair to the treatment and triage area for further examination. At the treatment and triage area, Plaintiff was examined by another nurse who administered a dose of DuoNeb to alleviate Plaintiff's shortness of breath. The nurse also reported Plaintiff's condition to the on-call physician, noting that Plaintiff's shortness of breath had resolved with the DuoNeb medication. The on-call physician then prescribed Plaintiff a 5-day course of DuoNeb

treatments to be taken four times a day as needed. On October 8, 2018, Plaintiff received additional DuoNeb treatments. Plaintiff then had a follow-up appointment with the on-call physician on October 10, 2018, and the doctor noted that the prescribed DuoNeb treatments had resolved Plaintiff's breathing issues.

These facts, which are not disputed by Plaintiff, show that Plaintiff received adequate medical treatment on October 6, 2018, regardless of who provided it. At best Plaintiff's claim amounts to a difference of medical opinion with respect to his treatment on October 6, 2018.

Because Defendant Mey was not working on October 11, 2018 – the date alleged in the complaint – and because the undisputed evidence shows that Plaintiff received adequate medical treatment on October 6, 2018 – the alternate date Plaintiff suggests in his opposition – Plaintiff cannot prevail on an Eighth Amendment medical deliberate indifference claim arising from either date and, therefore, Defendant is entitled to judgment in his favor as a matter of law.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment, ECF No. 65, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 7, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE